| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| JESUS RENE QUINTERO, <br> TDCJ 1458979, <br>               Plaintiff, <br><br> versus <br><br> HEATHER HALL, <br>               Defendant. | CIVIL ACTION H-13-3049 |

## Opinion on Dismissal

Jesus Rene Quintero sues his appeal attorney, Heather Hall, for civil rights violations. 42 U.S.C. § 1983. He also raises state law claims. Quintero moves to proceed as a pauper. 28 U.S.C. § 1915. He claims violations of his right to counsel under the Fourteenth Amendment, his right of access to the courts under the First Amendment, and his rights under the Texas Deceptive Trade Practices Act.

Quintero raises these contentions. The trial judge in his criminal case appointed counsel to pursue Quintero's appeal. Instead, counsel filed an "*Anders* brief" stating there were no arguable errors. Quintero's brother hired Hall to review his trial records and she charged him $6,000. Hall failed and refused to perform her contractual duty to represent Quintero in the appeal of his conviction. Quintero was denied his rights of access to the courts, due process, and equal protection. He seeks damages and general relief.

In a section 1983 case, a plaintiff must show that he has been deprived of a right under the Constitution or laws of the United States by someone acting under color of state law. *Baker v. McCollan*, 443 U.S. 137 (1979). An attorney representing a client does not act under color of state law. *Briscoe v. LaHue*, 460 U.S. 325, 329 (1983). This court will not convert this complaint to a habeas corpus application because there is no showing that Plaintiff has exhausted his state court remedies. *See* Complaint, p. 1, ¶ I.A. Quintero fails to state a claim recognized at law.

Quintero's claims suffer from another problem. His allegations raise a claim of ineffective assistance of appellate counsel. Quintero's claims of ineffective appellate assistance impugn the validity of his criminal conviction. A civil rights claim which indirectly challenges the validity of

a conviction cannot proceed unless the conviction has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). There is no showing Quintero's conviction has been overturned. *Heck* applies to claims for injunctive relief that imply the invalidity of a conviction or sentence. *Kutzner v. Montgomery County*, 303 F.3d 339, 340-41 (5th Cir. 2002). The holding in *Heck* bars Quintero's claims and his requests for relief. Quintero fails to state a claim recognized at law under *Heck*. This case will be dismissed.

The Texas Department of Criminal Justice will deduct 20% of each deposit made to the Quintero's inmate trust account and pay this to the court on a regular basis, provided the account exceeds $10, until the remainder of the filing fee, $350, is paid. The clerk will send a copy to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax 936-437-4793.

Signed November 4, 2013, at Houston, Texas.

Lynn N. Hughes
United States District Judge